IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,
BOP Inmate No. 11398-002,
    Plaintiff,

vs.                                           Case No.:  3:17cv723/LAC/EMT

UNITED STATES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the federal Bureau of Prisons ("BOP") proceeding pro se, commenced this civil action by filing a complaint titled, "Bill in Equity" (ECF No. 1). Plaintiff also filed a notice stating that he is financially unable to pay the filing fee, but "ifp cannot be utilized by me" (ECF No. 2).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

Case No.: 3:17cv723/LAC/EMT

The court takes judicial notice of the following prior federal civil actions filed by Plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* <u>Abram v. United States of America</u>, Case No. 5:16-cv-00728-WTH-PRL, Order, ECF No. 4 (M.D. Fla. Jan. 9, 2017) (dismissing, as frivolous, civil rights complaint titled as "Bill in Equity" filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); <u>Abram v. Fidelity Investments</u>, Case No. 3:15-cv-00309-LAC-CJK, Order, ECF No. 23 (N.D. Fla. Apr. 1, 2016) (dismissing, for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); <u>Abram v. Marsh, et al.</u>, Case No. 3:15-cv-00107-MCR-CJK, Order, ECF No. 6 (N.D. Fla. Apr. 23, 2015) (dismissing, as frivolous and for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana); <u>Abram v. Marsh, et al.</u>, Case No. 3:14-cv-00164-RV-EMT, Order, ECF No. 22 (N.D. Fla. Feb. 2, 2015) (dismissing, for failure to state a claim, civil complaint filed by Plaintiff while incarcerated at the United States Penitentiary in Pollock, Louisiana).[1] Indeed another federal district

---

[1] These cases may be positively identified as having been filed by Plaintiff, because the BOP inmate number of the plaintiff in each of those cases is the same as Plaintiff's, BOP Inmate #11398-002.

court has recognized Plaintiff's status as a "three striker" under § 1915(g). *See* Abram v. United States of America, Case No. 5:16-cv-00458-WTH-PRL, Order, ECF No. 7 (M.D. Fla. Oct. 11, 2016) (recognizing Plaintiff as a "three striker" and dismissing civil complaint titled as "Bill in Equity" pursuant to § 1915(g)). Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, 387 F.3d at 1344.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

The allegations of Plaintiff's initial pleading in this case do not suggest that at the time he filed it, on or about September 25, 2017, he was suffering ongoing serious physical injury, or that there was a likelihood of imminent serious physical injury.

Rather, Plaintiff's allegations and requests for relief concern debts, debt extinguishment, claims for recoupment of funds, and the like (*see* ECF No. 1). Therefore, his allegations fail to show that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 16th day of October 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:17cv723/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.